```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CRAIG MORRITT as Administrator of the Estate of
DEBRA MORRITT and CRAIG MORRITT,
individually,

                        Plaintiff,
                                                                    MEMORANDUM AND ORDER
            - against -                                             07-CV-2319 (RRM) (RER)

STRYKER CORPORATION, STRYKER
ORTHOPAEDICS, INC., and STRYKER
HOWMEDICA OSTEONICS, INC., a division of
STRYKER CORPORATION,

                        Defendants.
-------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

In 2007, plaintiffs Debra and Craig Morritt filed this action against Stryker Corporation, Stryker Orthopaedics, Inc., and Stryker Howmedica Osteonics, a division of Stryker Corporation, for injuries allegedly caused by a defective knee replacement system manufactured by defendants. On June 8, 2007, defendants removed the action to this Court. (*See* Doc. No. 1.) On September 1, 2011, this Court issued a Memorandum and Order granting in part and denying in part defendants' motion for summary judgment; granting in part and denying in part defendants' motions to strike the declarations of Dr. Montalbano and Professor Rose pursuant to Fed. R. Civ. P. 37; and denying as moot defendants' motion to exclude the testimony of Professor Rose pursuant to Fed. R. Evid. 702.[1] (*See* Doc. No. 58.)

Currently before the Court are plaintiff's motion to amend the complaint (Doc. No. 67), filed on December 17, 2012, and defendants' motion *in limine* seeking to preclude the nonmedical expert testimony of Dr. Montalbano (Doc. No. 69), filed on December 21, 2012. The Court referred these motions to the assigned Magistrate Judge, the Honorable Ramon E. Reyes, Jr., for a Report and

---

[1] The Court also granted a motion to substitute Craig Morritt, as Administrator of the Estate of Debra Morritt, for Debra Morritt, who died intestate while the motion for summary judgment was pending. (*See* Doc. No. 58 at 1 n.1.)

Recommendation ("R&R"), which was issued on August 12, 2013. (*See* Doc. No. 74.) Plaintiff filed his objections to the R&R on September 3, 2013, and defendants filed their response to plaintiff's objections on September 20, 2013. (*See* Doc. Nos. 76–77.) For the purposes of this Memorandum and Order, the Court presumes familiarity with the R&R as well as the facts and relevant history of this case.

For the reasons that follow, the Court overrules plaintiff's objections and, having found no clear error in the remaining portions of the R&R, concurs with and adopts the R&R in its entirety. *See Covey v. Simonton*, 481 F.Supp.2d 224, 226 (E.D.N.Y. 2007). Accordingly, plaintiff's motion to amend the complaint is DENIED and defendants' motion *in limine* is GRANTED.

## DISCUSSION

In his R&R, Magistrate Judge Reyes recommended that this Court grant defendants' motion *in limine* and deny plaintiff's motion to amend the complaint. (*See* Doc. No. 74 at 23.) Plaintiff objects to the R&R, urging that Magistrate Judge Reyes incorrectly concluded that (1) Dr. Montalbano is not qualified to offer an opinion excluding bone cement as an alternative cause of the polyethylene tibial insert; (2) Dr. Montalbano is not qualified to testify about the mechanical functioning of the prosthesis; (3) Dr. Montalbano should not be permitted to offer an affirmative opinion that the polyethylene tibial insert failed due to its defective nature; and (4) the methodology utilized by Dr. Montalbano during his differential diagnosis failed to meet the requirements of Fed. R. Civ. P. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiff also objects to the R&R insofar as it recommends plaintiff's motion to amend the complaint be denied as untimely and futile. The Court reviews these portions of the R&R *de novo*. *See Mero v. Prieto*, 557 F.Supp.2d 357, 361 (E.D.N.Y. 2008). All other portions of the R&R are reviewed for clear error. *See Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011).

## I. Motion *in Limine*

The Court first addresses defendants' motion *in limine*, which sought to strike certain testimony by Dr. Montalbano. Plaintiff has shed no new light on Dr. Montalbano's training or qualifications that would change the analysis applied by Magistrate Judge Reyes. Instead, plaintiff has attempted to circumvent the R&R by arguing that this Court has already ruled on these questions. It has not.

At summary judgment, the Court denied defendants' motion to strike the declaration of Dr. Montalbano because plaintiffs did not designate Dr. Montalbano as an expert or submit an expert report from him during discovery. (*See* Doc. No. 58 at 18–19.) In doing so, the Court held that plaintiff could "rely on the declaration of Dr. Montalbano to rebut defendants' evidence that either bone cement or misalignment caused the premature failure of the Polyethylene Tibial Insert." (*Id.* at 19.) The Court found that such evidence did not run afoul of the disclosure requirements of Rule 26(a)(2) because "treating physicians may testify as to opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." (*Id.* (quoting *Manganiello v. Agostini*, No. 07-CV-3644 (HB), 2008 U.S. Dist. LEXIS 99181, at *35 (S.D.N.Y. Dec. 9, 2008)). In deference to that principle, the Court denied defendants' motion to strike Dr. Montalbano's declaration under Rule 37. (*See id.* at 23.) The Court then denied summary judgment as to plaintiff's manufacturing defect claim because triable issues of fact remained.

But the Court's holding, which was grounded in principles underlying discovery and the standard on summary judgment, extended no further. Plaintiff's assertions that this Court already ruled that Dr. Montalbano's testimony was lay testimony and in any event admissible is wholly mistaken. Indeed, the Court explicitly stated that "the only question presently before the Court is whether to exclude Dr. Montalbano's declaration pursuant to Rule 37." (Doc. No. 58 at 24 n.11.)

The Court also reaffirmed that "the requirements of *Daubert* 'are not diminished merely because the expert witness is a 'treating physician' rather than an expert retained solely for the purposes of litigation.'" (*Id.* (citing *Munafo v. Metro. Transp. Auth.*, No. 98-CV-4572 (ERK), 2003 U.S. Dist. LEXIS 13495, at *54 (E.D.N.Y. Jan. 22, 2003); *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1207 (8th Cir. 2000)).) Any residual misperception as to the scope of the ruling should have been resolved by the Court's observation that "defendants [we]re free to make a motion *in limine* challenging the reliability of Dr. Montalbano's testimony." (Doc. No. 58 at 24 n.11.) In any event, a treating physician may not offer an opinion – even one formed during the course of treatment – on specialized subjects in which that physician has no training or for which there is no sufficiently reliable basis. Plaintiff's arguments on these points merely reiterate arguments already presented to Magistrate Judge Reyes. *See Walker v. Vaughan*, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."); *Robinson v. Superintendent, Green Haven Corr. Facility*, No. 09-CV-1904 (KAM) (LB), 2012 WL 123263 (E.D.N.Y. Jan. 17, 2012) (same). Like Magistrate Judge Reyes, this Court finds these arguments to be unpersuasive and instead adopts the well-reasoned conclusions of the R&R.

**II.     Motion to Amend**

"Where a scheduling order has been entered, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). As Magistrate Judge Reyes noted, while the Court, "in the exercise of its discretion under Rule 16(b), also may consider other relevant factors," the "primary consideration" in a good cause analysis is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Likewise,

4

"considerations of undue delay, bad faith, and prejudice" – considerations implicated by, if not subsumed in, the diligence inquiry – are the "touchstones of a district court's discretionary authority" under Rule 15(a). *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).

First, plaintiff argues that defendants' awareness of Debra Morritt's hip injury eliminates any disadvantage on defendants' part and urges that "this case was already litigated as if the hip injury was indeed pled in the initial complaint." (Pl.'s Objections to R&R at 17.) But plaintiffs have not even attempted to demonstrate diligence, and Magistrate Judge Reyes' observations to the contrary are well taken. "[L]imiting the time for amendments . . . is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (internal quotation omitted). Despite plaintiff's protestations to the contrary, permitting amendment now would be "prejudicial given the fact that discovery ha[s] already been completed and [defendants] ha[ve] already filed a motion for summary judgment." *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *see also Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (same). The Court therefore finds plaintiff's objection is without merit.

Second, plaintiff objects that Magistrate Judge Reyes incorrectly employed a summary judgment standard in reviewing the motion to amend, and further challenges the Magistrate Judge's conclusions that plaintiff's motion is untimely and, in any event, that an amendment would be futile. (Pl.'s Objections to R&R at 17–22.) In general, the standard to be applied on a motion to amend is that invoked in response to a Rule 12(b)(6) motion to dismiss. *See, e.g., Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). However, where a motion to amend is filed following a motion for summary judgment, "even if the amended complaint would state a valid claim on its face," leave to amend may be denied where "the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment

5

as a matter of law . . . ." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Defendants moved for summary judgment on October 7, 2010. (*See* Doc. No. 33.) The Court partially granted that motion on September 1, 2011. (*See* Doc. No. 58.) Plaintiff's motion to amend was not filed until December 17, 2012. (*See* Doc. No. 67.) As such, Magistrate Judge Reyes applied the correct standard in this case. The Court therefore overrules this objection as well. Accordingly, the Court adopts the relevant portions of the R&R and DENIES plaintiff's motion to amend.

As to all other aspects of the R&R, the Court has reviewed for plain error and found none.

## CONCLUSION

For the foregoing reasons, this Court finds plaintiff's objections to the R&R to be without merit. Further, having reviewed the remaining portions of the R&R for clear error pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, and, finding none, the Court concurs with and adopts the R&R in its entirety. *See Covey*, 481 F.Supp.2d at 226.

Accordingly, plaintiff's motion to amend the complaint (Doc. No. 67) is DENIED and defendants' motion *in limine* (Doc. No. 69) is GRANTED.

This matter is recommitted to Magistrate Judge Reyes for continued pretrial supervision, including any settlement discussions and the preparation of a Joint Pre-Trial Order .

SO ORDERED.

Dated: Brooklyn, New York
      September 23, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge